UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MANOUCHEHR MONTAZERI,

  *Plaintiff*,

v.                                                    Case No.  SA-25-CV-00410-JKP

AARON DAVID PALLAS, FOX RENT
A CAR, INC.,

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Manouchehr Montazeri's Motion to Remand. *ECF No. 7*. Defendant Aaron David Pallas responded. *ECF No. 8*. Upon consideration, the Court concludes the Motion to Remand is **GRANTED**.

### Factual Background

Pursuant to the Original Petition filed in state court, this suit arises from a motor vehicle accident. Montazeri alleges that at the time of the accident, Pallas was driving a vehicle rented from Fox Rent A Car, Inc. d/b/a "Fox Rent A Car San Antonio Airport" (Fox Rent A Car), a car rental company. Montazeri asserts causes of action against Pallas for negligence, negligence per se, and gross negligence. Against Fox Rent A Car, Montazeri asserts a cause of action for negligent entrustment, alleging Fox Rent A Car "negligently entrusted its vehicle to Pallas, an incompetent driver, a fact Defendant Fox knew or should have known." Montazeri asserts he is a citizen of Texas, Pallas is a citizen of Minnesota, and Fox Rent A Car is a citizen of Texas because

it is an entity organized under the laws of Texas and its principal place of business is in Texas. Montazeri seeks damages over $250,000.

Pallas removed the case to this federal court based upon diversity jurisdiction asserting in the Notice of Removal that Montazeri improperly joined the non-diverse defendant Fox Rent A Car because "the Graves Amendment" provided in 49 U.S.C. § 30106(a) absolves car rental companies from vicarious liability in the event of an accident caused by a lessee. Because the Graves Amendment absolves Fox Rent A Car from any vicarious liability, Pallas contends Montazeri cannot assert a cause of action against it, and therefore, it was improperly joined and complete diversity exists.

Montazeri now files this Motion to Remand arguing Fox Rent A Car is a properly-joined, non-diverse defendant because the Graves Amendment does not apply to the cause of action asserted against it. Therefore, complete diversity does not exist to sustain this federal court's jurisdiction. Specifically, in the Motion to Remand, Montazeri contends his negligent-entrustment cause of action asserted against Fox Rent A Car is excluded from the Graves Amendment immunity from vicarious liability. Montazeri contends negligent entrustment is a direct-liability cause of action, which the Graves Amendment specifically allows in 49 U.S.C. § 30106(a)(2). Consequently, Montazeri contends he asserts a viable cause of action against Fox Rent A Car, and it should remain as a Defendant, which destroys diversity jurisdiction.

Based upon the arguments presented, should this Court find the negligent-entrustment cause of action asserted against Fox Rent A Car, a car rental company, is a vicarious-liability cause of action, then the Graves Amendment precludes the assertion of this cause of action, and the case is removable based upon improper joinder.

## Legal Standard

### I.   Subject Matter Jurisdiction

Federal courts hold limited, original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). To sustain complete diversity of citizenship to invoke this original diversity jurisdiction, the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal district courts also have removal jurisdiction over civil actions that could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The federal removal statute provides a suit may be removed from state court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 28 U.S.C. 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). An improperly joined defendant's citizenship is disregarded for the purpose of determining diversity or removal jurisdiction. *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 588 (S.D. Tex. 2012). Because removal deprives the state court of an action properly before it, removal raises significant federalism concerns. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). Accordingly, courts must strictly construe the removal statute and resolve any doubt about the propriety of removal favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### II.   Improper Joinder Standard

The removing defendant has the "heavy burden" of proving complete diversity and that removal was proper. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988); *Smallwood*, 385 F.3d at 574. There are two ways a removing party may establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of a

plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted).

In response to the challenge to removal, Pallas relies only on the second test: Montazeri's inability to establish a cause of action in state court against the non-diverse party, Fox Rent A Car. To meet its heavy burden under the second method, the removing party must demonstrate there is no reasonable basis for the district court to predict possibility of recovery by the plaintiff against any nondiverse or in-state defendant. *Mumfrey*, 719 F.3d at 401; *Int'l Energy*, 818 F.3d at 200; *Smallwood*, 385 F.3d at 573. A mere theoretical possibility of recovery will not preclude a finding of improper joinder. *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). At this stage of the litigation, the plaintiff has no need to prove any cause of action. *Johnson v. Zurich Am. Ins. Co.*, No. 3:11-CV-0344-P, 2011 WL 3111919, at *4 (N.D. Tex. June 29, 2011). The possibility of a single valid cause of action against a nondiverse or instate defendant requires remand of the entire case. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *accord Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

Ordinarily, a plaintiff has a reasonable basis of recovery if he would survive a Federal Rule 12(b)(6) motion to dismiss for failure to state a claim, that is, the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The facts alleged "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Any contested issues of fact or ambiguous questions of state law involved in the inquiry must be resolved in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). If it is uncertain

whether Plaintiffs "will be able to prove [their] allegations . . . to the satisfaction of the trier of fact," then remand is appropriate. *Gray*, 390 F.3d at 410.

## Discussion

The parties do not dispute the Graves Amendment exempts car rental companies from vicarious liability, stating,

> [a]n owner of a motor vehicle that rents or leases the vehicle to a person ... shall not be liable under the law of any State ... by reason of being the owner of the vehicle ... for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-- (1) the owner is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner.

49 U.S.C. § 30106(a). Applicability of the second prong of the Graves Amendment exemption test is at issue here. *See* 49 U.S.C. § 30106(a)(2). This clause allows a plaintiff to pursue a cause of action based in direct liability negligence or criminal wrongdoing. Thus, the issue before the Court is whether Montazeri's assertion of a negligent entrustment cause of action against Fox Rent A Car is a vicarious-liability cause of action arising out of and reliant upon the negligence causes of action asserted against Pallas, or whether the negligent entrustment cause of action against Fox Rent A Car is a direct theory of liability, and thus, excluded under §30106(a)(2) from absolution of vicarious liability.

Texas state courts appear to have differing conclusions whether negligent entrustment is a form of vicarious liability. *Fuller v. Biggs*, 532 F. Supp. 3d 371, 381 (N.D. Tex. 2021)(citing *Atl. Indus., Inc. v. Blair*, 457 S.W.3d 511, 517 (Tex. App.—El Paso 2014), rev'd for ministerial reason, 482 S.W.3d 57 (Tex. 2016)); *see also F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 686 (Tex. 2007) (negligent entrustment is 'a form of vicarious liability,'" the Graves Amendment preempts and prohibits a negligent entrustment cause of action). Yet, under

5

Texas state law, when the plaintiff alleges ordinary negligence against the driver and gross negligence against the owner for entrusting his vehicle to a reckless or incompetent driver, the negligent entrustment cause of action also asserted against the owner becomes an independent and separate ground of recovery against the owner for exemplary damages. *Atl. Indus., Inc.*, 457 S.W.3d at 517; *Rosell v. Central West Motor Stages, Inc.,* 89 S.W.3d 643, 654 (Tex.App.-Dallas 2002, pet. denied)(citing *Estate of Arrington v. Fields,* 578 S.W.2d 173, 178 (Tex.Civ.App.-Tyler 1979, writ ref'd n.r.e.)). Here, Montazeri alleges gross negligence against Pallas, but not against Fox Rent A Car.

Aside from any presumed ambiguity in Texas state law, the Graves Amendment, with its origin in federal law, "preempt[s] state law in the area of vicarious liability for owners engaged in the business of renting or leasing motor vehicles[.]" *Cates v. Hertz Corp.*, 347 F.App'x. 2, 6 (5th Cir. 2009); *O'Donnell v. Diaz*, No. 3:17-CV-1922-S, 2019 WL 1115715, at *2 (N.D. Tex. Mar. 11, 2019); *Progressive Cnty. Mut. Ins. Co. v. Caltzonsing*, 658 S.W.3d 384, 392–93 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.). The legal issue whether negligent entrustment is a theory of direct liability or a theory of vicarious liability under the Graves Amendment is not settled in the Fifth Circuit. *Fuller*, 532 F.Supp.3d at 381; *O'Donnell*, 2019 WL 1115715, at *2. Any determination of this issue by the Texas Supreme Court is not binding or applicable in this factual context. *See F.F.P. Operating Partners, L.P.*, 237 S.W.3d at 686.

Ambiguities in the controlling state law must be resolved in Montazeri's favor and in favor of remand since the ambiguity leaves open the possibility of a right to recovery. *See Rico*, 481 F.3d at 239; *Cates v. Hertz Corp.*, 2009 WL 2447792, at *6; *African Methodist Episcopal Church*, 756 F.3d at 793. In addition, due to the lack of controlling authority in the Fifth Circuit on the issue whether negligent entrustment is a theory of direct liability or a theory of vicarious

liability, Pallas cannot prove there is no possibility Montazeri might recover on a negligent entrustment cause of action asserted against Fox Rent A Car. Thus, Pallas, as the removing defendant fails to present clear and convincing evidence of improper joinder to avoid remand.

## Conclusion

For these reasons, Montazeri's Motion to Remand is **GRANTED**. *See ECF No. .* Accordingly, it is **ORDERED** this case be **REMANDED** to state court. The Clerk of Court shall affect the remand according to the usual procedure and close this case.

The referral to the Magistrate Judge is **WITHDRAWN**. Any other motions pending in this action are **DISMISSED AS MOOT**.

It is so ORDERED.
SIGNED this 8th day of July, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE